Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 190501-18159
DATE: July 14, 2021

ORDER

Service connection for a lower back disability, as variously diagnosed, is granted.

Service connection for a psychiatric disorder, including anxiety, insomnia, 

and depression as secondary to a lower back disability is granted.

Service connection for chronic gluteal pain as secondary to chronic lower back pain and back injury due to fall is granted.

FINDINGS OF FACT

1. The Veteran's current lower back disability is related to an injury sustained from a fall in service.

2. The Veteran's current psychiatric disorder, including anxiety, insomnia, and depression is proximately due to his service-connected lower back disability.

3. The Veteran's current chronic gluteal pain is proximately due to his service-connected lower back disability.

CONCLUSIONS OF LAW

1. The criteria for service connection for a lower back disability are met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for psychiatric disorder, including anxiety, insomnia, and depression as secondary to a lower back disability are met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

3. The criteria for service connection for chronic gluteal pain as secondary to a lower back disability are met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 1978 to March 1983.

A rating decision was issued under the legacy system in August 2016. In June 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. In March 2019, the agency of original jurisdiction (AOJ) found that additional evidence was needed to satisfy the duty to assist and moved the issues to the supplemental claim review option. The AOJ then issued a RAMP supplemental claim decision later in March 2019, which is the decision on appeal. 

In the May 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP supplemental claim decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

In January 2021, the Veteran testified before the undersigned at a videoconference hearing. A transcript of that hearing has been associated with the virtual file and reviewed.

1. Service connection for chronic lower back pain and back injury due to fall

The Veteran contends that his lower back disability is due an injury from service. Specifically, he slipped and fell down several flights of stairs.

The Board concludes that the Veteran has a current disability that is related to his in-service fall and subsequent injury. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

A January 2019 VA examination shows the Veteran has a current diagnosis of lumbar spondylosis with spinal stenosis, status-post lumbar laminectomy with postlaminectomy syndrome and degenerative arthritis. During service, the Veteran was seen for complaints of lower back pain. As such the first two elements of service connection are met. Thus, the question becomes whether the current disability is related to service. On this question there are probative opinions in favor of and against the claim.

As noted above, service treatment records document that the Veteran complained of low back pain after falling down some stairs in July 1979. He was documented to have chronic lower back pain and muscle spasms in April 1980. He was found to have a normal spine, other musculoskeletal system in his separation examination in February 1983, but he reported recurrent low back pain in an accompanying report of medical history.

In May 2016 correspondence, a private spine physician, Dr. S.M., opined that the Veteran's lower back disability was more likely than not related to progressive degeneration of the lumbar spine, secondary to the aging process. However, the clinician also opined that it was also possible that the degenerative changes were asymptomatic and could have been rendered symptomatic by a traumatic event such as the one incurred in service.

In October 2017 correspondence, another private doctor, Dr. R.F., reviewed the Veteran's medical records and opined that his lower back disability was, at least as likely as not, initially caused by the injury in-service. The chronic pain was constant since service and had the injury never happened, the current disability would not be as severe.

The January 2019 VA examiner opined that it was less likely than not that the Veteran's lumbar spine disabilities were due to in service treatment for low back pain and muscle spasms. It was noted that lay statements were reviewed, but no pertinent records from 1983 to 2002 were found. It would be unusual for there not to be documentation of treatment before a work injury in 2002. The examiner found that there was not enough evidence to create a nexus from his current disability to service.

In June 2019 correspondence, Dr. S.M. noted that he treated the Veteran for lower back pain that was ongoing for many years. He opined that, based on the review of the Navy records, and based on a reasonable degree of medical and surgical certainty that the events in July 1979, notably a fall down the stairs, more likely than not caused and subsequently contributed to the Veteran's low back pain.

Upon review of the record, the Board finds the evidence to at least be in equipoise as to whether the Veteran's current lower back disability is related to his fall and injury in service. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-54 (1990). Here, the Board places less weight on the January 2019 VA examiner's negative opinion because it was predominantly based on lack of medical records and did not address the Veteran's lay statements of back pain after service. On the other hand, the Veteran submitted a positive opinion by his treating doctor in June 2019 that did take his lay statements into account. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection a current lower back disability, as variously diagnosed, is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

2. Service connection for anxiety, sleep deprivation, and depression as secondary to chronic lower back pain and back injury due to fall

3. Service connection for chronic gluteal pain as secondary to chronic lower back pain and back injury due to fall

The Veteran asserts that his psychiatric disorder and chronic gluteal pain are secondary to his lower back disability.

Regulations provide that service connection is warranted for a disability which is aggravated by, proximately due to, or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Further, a disability which is aggravated by a service-connected disorder may be service connected to the degree that the aggravation is shown. Allen v. Brown, 7 Vet. App. 439, 449 (1995); 38 C.F.R. § 3.310(b). 

In order to establish entitlement to secondary service connection, there must be 

(1) evidence of a current disability; (2) evidence of a service-connected disability; (3) medical evidence establishing a nexus between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998).

In light of the Board's grant of service connection for lower back disability herein, the Board also finds that service connection for his psychiatric disorder and myofascial pain syndrome of the gluteal muscles are warranted secondary to the lower back disability.

As an initial matter the Veteran was diagnosed with depressive disorder, insomnia disorder, and anxiety disorder at a January 2019 VA examination. The examiner opined that his psychiatric disability began during service and was proximately due to his post-laminectomy syndrome with myofascial pain syndrome. 

The January 2019 VA examiner documented the Veteran to have myofascial pain syndrome with chronic gluteal pain and opined that it was at least as likely ast not that it was due to his chronic lumbar spine condition. 

In the March 2019 rating decision, the AOJ found that his psychiatric disorder and chronic gluteal pain were secondary to the nonservice-connected lower back disability. The Board is bound by these favorable findings and see no reason to disturb them. 38 C.F.R. § 3.104(c).

(Continued on the next page)

 

As such, the evidence of record demonstrates that service connection for the issues of psychiatric disorder and myofascial pain syndrome of the gluteal muscles as secondary to service-connected lower back disability, are warranted. 38U.S.C. § 5107(b); 38C.F.R. §3.102.

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Cruz, Karla

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.